MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Acting Chief, Criminal Division

JOSHUA HILL  (CABN 250842)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3680
   Fax: (510) 637-3724
   E-Mail: Joshua.Hill2@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 10-00541-CW |
| | ) | |
| Plaintiff, | ) | [PROPOSED] ORDER DETAINING |
| | ) | DEFENDANT JAMIE LYNN SALVO |
| v. | ) | AND EXCLUDING TIME UNDER THE |
| | ) | SPEEDY TRIAL ACT |
| JAMIE LYNN SALVO, | ) | |
| | ) | Date:       November 3, 2010 |
| Defendant. | ) | Time:       10:00 a.m. |
| | ) | Court:       Hon. Laurel Beeler |
| | ) | |

## I.  DETENTION ORDER

     Defendant Jamie Lynn Salvo is charged in a two-count indictment with assault on a

federal officer, in violation of 18 U.S.C. §§ 111(a) and (b), and possession of stolen mail, in

violation of 18 U.S.C. § 1708.  On November 3, 2010, the United States moved for the

defendant's detention pursuant to 18 U.S.C. § 3142(f)(1)(A) (because she poses a danger to the

community and is a flight risk), and asked for a detention hearing, as permitted by 18 U.S.C. §

3142(f).  Following a hearing under 18 U.S.C. § 3142(f), and considering the parties' proffers,

1  the Pretrial Services' report, and the factors set forth in 18 U.S.C. § 3142(g), the Court orders the
2  defendant detained, as no condition or combination of conditions in 18 U.S.C. § 3142(c) will
3  reasonably assure the safety of any other person and the community and reasonably assure the
4  appearance of the defendant.  *See* 18 U.S.C. §§ 3142(e) and (f).

5       Specifically, considering the factors in 18 U.S.C. § 3142(g), the Court notes that in count
6  one, the defendant is charged with assaulting a postal carrier with a stun gun in an unsuccessful
7  attempt to steal mail.  In addition, when fleeing the scene of the assault, the defendant was the
8  passenger in a car that attempted to hit and run over the fallen postal carrier.  A short time after
9  the instant assault, the defendant was a passenger in a stolen car that lead the California Highway
10 Patrol on a vehicle chase, reaching speeds in excess of 100 mph.  The defendant has a serious
11 criminal history, including vehicle theft and numerous failures to appear at scheduled court
12 hearings.  The defendant also has a serious substance abuse problem.  These facts raise concern
13 about the danger the defendant's release may pose to the community and her ability to comply
14 with any conditions of release that the Court might set.  The defendant has failed to rebut the
15 presumption that no condition or combination of conditions will reasonably assure the safety of
16 any other person and the community and reasonably assure the appearance of the defendant.

17      The Court detains the defendant as a danger to the community and as a flight risk.  The
18 defendant is committed to the custody of the Attorney General or a designated representative for
19 confinement in a corrections facility separate, to the extent practicable, from persons awaiting or
20 serving sentences or held in custody pending appeal.  *See* 18 U.S.C. § 3142(i)(2).  The defendant
21 must be afforded a reasonable opportunity to consult privately with counsel.  *See id.* § 3142(i)(3).
22 On order of a court of the United States or on request of an attorney for the government, the
23 person in charge of the corrections facility must deliver the defendant to the United States
24 Marshal for a court appearance.  *See id.* § 3142(i)(4).

25 ///
26 ///
27 ///
28 ///

[PROPOSED] ORDER
No. CR 10-0541-CW                                    2

II.  TIME EXCLUSION

The parties appeared for a detention hearing on November 3, 2010.  The defendant was ordered detained and the matter was continued to December 16, 2010 for a status conference. The government has provided discovery.  Defense counsel will require time to review the discovery and conduct additional investigation.  Based upon the representation of counsel and for good cause shown, the Court finds that failing to exclude the time between November 3, 2010 and December 16, 2010 would unreasonably deny the government and the defense the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).  The Court further finds that the ends of justice served by excluding the time between November 3, 2010 and December 16, 2010 from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.  Therefore, it is hereby ordered that the time between November 3, 2010 and December 16, 2010 shall be excluded from computation under the Speedy Trial Act.  18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv).

IT IS SO ORDERED.

DATED: November_5_, 2010

_____
LAUREL BEELER
United States Magistrate Judge

[PROPOSED] ORDER
No. CR 10-0541-CW                                3